1  Semnar & Hartman, LLP
   Babak Semnar, Esq. (#224890)
2  bob@sandiegoconsumerattorneys.com
   Jared M. Hartman (#254860)
3  jared@ sandiegoconsumerattorneys.com
   400 S. Melrose Drive, Suite 209
4  Vista, California 92081
   Telephone: (951) 293-4187
5  Fax: (888) 819-8230

6  Attorneys for Plaintiff,
   KIM BEAUCHAMP LEGAT

7

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM BEAUCHAMP-LEGAT, an individual<br><br>          Plaintiff,<br><br>     v.<br><br>CONVERGENT OUTSOURCING, INC.; and DOES 1-10;<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;** |

Plaintiff, KIM BEAUCHAMP-LEGAT, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## **INTRODUCTION**

1.     Plaintiff, by and through her attorneys of record, brings this action to secure redress from unlawful debt collection practices engaged in by Defendant

1   CONVERGENT OUTSOURCING, INC. (hereinafter "CONVERGENT") in violation

2   of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter

3   "FDCPA") and the State of California Rosenthal Act, California Civil Code § 1788-

4   1788.32 (hereinafter "Rosenthal" or "Rosenthal Act").

5        2.     Plaintiff makes the allegations below on information and belief, with the

6   exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's

7   counsel, which Plaintiff alleges on personal knowledge.

8        3.     While many violations are described below with specificity, this

9   Complaint alleges violations of the statutes cited in their entirety.

10       4.     In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following

11   findings and purpose in creating the FDCPA:

12       Abusive practices. There is abundant evidence of the use of
         abusive, deceptive, and unfair debt collection practices by many
13       debt collectors. Abusive debt collection practices contribute to the
         number of personal bankruptcies, to marital instability, to the loss
14       of jobs, and to invasions of individual privacy.

15       Inadequacy of laws. Existing laws and procedures for redressing
         these injuries are inadequate to protect consumers.
16
         Available non-abusive collection methods. Means other than
17       misrepresentation or other abusive debt collection practices are
         available for the effective collection of debts.
18
         Interstate commerce. Abusive debt collection practices are carried
19       on to a substantial extent in interstate commerce and through
         means and instrumentalities of such commerce. Even where
20       abusive debt collection practices are purely intrastate in character,
         they nevertheless directly affect interstate commerce.
21

**COMPLAINT FOR DAMAGES**

1
2
3
4

> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5    5.    In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the

6 following findings and purpose in creating the Rosenthal Act:

7
8
9

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

10
11

> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

12
13
14

> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

15    **JURISDICTION AND VENUE**

16    4.    This action arises out of Defendant's violations of the Federal FDCPA,

17 over which the U.S. District Court has original subject matter jurisdiction pursuant to 15

18 U.S.C. § 1681p.  The U.S. District Court has supplemental jurisdiction over all state law

19 causes of action pursuant to 28 U.S.C. § 1367(a).

20    5.    Defendant CONVERGENT is incorporated and headquartered within the

21 State of Washington, but regularly conducts business within the State of California by

3
**COMPLAINT FOR DAMAGES**

1  purposefully contacting California residents for purposes of debt collection, personal

2  jurisdiction is established.

3       6.    Venue in this District is proper pursuant for the following reasons: (i)

4  Plaintiff resides in the County of Riverside, State of California, which is within this

5  judicial district; (ii) the conduct complained of herein occurred within this judicial

6  district; and, (iii) Defendant has conducted business within this judicial district at all

7  times relevant.

8  **PARTIES & DEFINITIONS**

9       7.    Plaintiff is a natural person whose permanent residences is in the County

10  of Riverside, State of California, and is therefore a "person" as that term is defined by

11  California Civil Code § 1788.2(g) of the Rosenthal Act.

12       8.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to

13  Defendant arising out of a Best Buy credit card issued by HSBC Bank of Nevada, N.A.

14  that Plaintiff previously used for household goods, alleged to have been due and owing,

15  is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the

16  FDCPA, and a "debtor" as that term is defined by California Civil Code § 1788.2(h) of

17  the Rosenthal Act.

18       9.    As a partnership, corporation, limited liability company, or other similar

19  entity, Defendants therefore are "persons" within the meaning of California Civil Code

20  § 1788.2(g) of the Rosenthal Act.

21       10.    Defendant alleged that it was collecting upon an allegedly defaulted credit

4
**COMPLAINT FOR DAMAGES**

card bill that Plaintiff initially owed to HSBC Bank of Nevada, N.A., which Plaintiff incurred by utilizing the line of credit issued to her as a Best Buy credit card for every day purchases in his daily personal life.  Therefore, Plaintiff is informed and believes that the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

11.     Therefore, the money that Defendant was attempting to collect was a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

12.     Because Plaintiff, a natural person allegedly obligated to pay money arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

13.     Plaintiff is informed and believes that Defendant utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts; regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or themselves; and are therefore "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engage in "debt collection" within the meaning of California Civil Code §

5

**COMPLAINT FOR DAMAGES**

1788.2(b) of the Rosenthal Act.

## **FACTUAL ALLEGATIONS**

14.    Sometime prior to the year 2005, Plaintiff was issued a Best Buy credit card backed by a line of credit by HSBC Bank of Nevada, N.A., that Plaintiff used for purchasing household goods.

15.    Plaintiff entered into this contract while she was a resident of the State of California.

16.    The last four digits of the account number is 2602.

17.    At some point in or prior to the year 2005, Plaintiff went into default upon this line of credit.

18.    Plaintiff thereafter listed the debt in her Chapter 7 bankruptcy petition in the year 2005, and it was ultimately discharged in the year 2006.

19.    Because the default occurred at some point in or prior to the year 2005, any legal ability of the creditor or any successor or assignee of the original creditor to file a lawsuit against Plaintiff to obtain a judgment on said debt has been barred by the applicable statute of limitations since at least sometime in the year 2009.  *See* Calif. Code of Civ. Proc §337, which creates a four year statute of limitations for breach of written contract within the State of California.

20.    By letter dated August 24, 2015, Defendant CONVERGENT sent a letter to Plaintiff informing her that they are attempting to collect upon the HSBC Bank of Nevada, N.A.

21.     In the middle of this letter, directly above the salutation to Plaintiff and deliberately drafted to be the most noticeable portion of the letter, Defendant claimed to be providing a "Settlement Offer" to Plaintiff.

22.     In a different sentence within the body of the letter, Defendant states that that the account has a past due balance.

23.     The letter goes on to state, "Our client has advised us they are willing to settle your account for 15% of your total balance due to settle your past balance.  The full settlement must be received in our office by an agreed upon date.  If you are interested in taking advantage of this offer, call our office within 45 days of this letter.  Your settlement mount would be $630.58 to clear this account in full.  Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account.  We are not required to make this offer to you in the future."

24.     By repeatedly using the words "settlement" and "settle" and "offer to settle", and including a schedule of payments under threat of the "settlement offer" being revoked, Defendant has implied the false representation that it has a legal ability to sue Plaintiff upon the time barred debt.

25.     The FTC has recommended that if a collector knows or should know that it is collecting on a time-barred debt, it must inform the consumer that (1) the collector cannot sue to collect the debt, and (2) providing partial payment would revive the collector's ability to sue to collect the remaining balance.

7
**COMPLAINT FOR DAMAGES**

26.     The Seventh Circuit Court of Appeals has ruled, "[A]n unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'"   *McMahon v. LVNV Funding, LLC* (7 Cir. 2014) 744 F.3d 1010, 1022; followed by *Finley v. Dynamic Recovery Solutions LLC* (June 15, 2015 C.D. Calif.) 2015 U.S. Dist. LEXIS 77999, *11-13 ("It is plausible that the least sophisticated consumer could view an offer to settle as a veiled threat of litigation, or, at the least, as a misrepresentation that a debt is still enforceable.").

27.     In the instant matter, Plaintiff here was misled and confused, and suffered mental anguish by way of loss of sleep, nervousness, anxiety, and fear over the thought that she might possibly be sued on the time barred debt after she has worked diligently and earnestly to try and repair her life as a consumer after her Chapter 7 bankruptcy.

28.     After Plaintiff did not respond to Defendant, Defendant thereafter has failed to pursue legal action against Plaintiff, which shows that Defendant never had the intention of pursuing legal action and its implied threats were simply intended to scare her into paying the debt off.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF FDCPA)
### 15 U.S.C. §§ 1692-1692p

29.     Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

30.     By claiming that there is a past due balance on a debt that was discharged via bankruptcy in 2006, Defendant CONVERGENT has committed the following

8

**COMPLAINT FOR DAMAGES**

violations of the Federal FDCPA:

    a.  Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

    b.  Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

    c.  Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

    d.  Has falsely uttered the representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

    e.  Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

    f.  Has uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

    g.  Engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

31.    By threatening to sue Plaintiff on a debt that is barred by statute of

9

**COMPLAINT FOR DAMAGES**

limitations, and Defendant's agents did so without actually having the intention of pursuing such legal action, Defendant CONVERGENT has committed the following violations of the Federal FDCPA:

    a.  Engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d, and

    b.  Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, and

    c.  Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and

    d.  Has  falsely uttered the representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4), and

    e.  Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10), and

    f.  Has uttered a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5), and

    g.  Engaged in unfair or unconscionable means to collect or attempt to collect

10

**COMPLAINT FOR DAMAGES**

1    any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

2    **SECOND CAUSE OF ACTION**
     **(VIOLATIONS OF ROSENTHAL ACT)**
3    **CAL. CIV. CODE §§ 1788-1788.32**

4        32.    Plaintiff re-alleges and incorporates by reference the above paragraphs, as

5    though set forth fully herein.

6        33.    By violating the FDCPA, as identified the First Cause of Action above,

7    Defendant CONVERGENT has also necessarily violated the Rosenthal Act via Calif.

8    Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of

9    the FDCPA.

10   **PRAYER FOR RELIEF**

11       WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and

12   Plaintiff be awarded damages from Defendant as follows:

13   •    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

14       1692k(a)(2)(A);

15   •    An award of actual damages in the amount of $12,000.00 for mental

16       anguish pursuant to 15 U.S.C. § 1692k(a)(1);

17   •    An award of costs of litigation and reasonable attorney's fees, pursuant to

18       15 U.S.C. § 1692k(a)(3);

19   •    An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §

20       1788.30(b);

21

11
**COMPLAINT FOR DAMAGES**

1    • An additional award of statutory damages of $1,000.00 pursuant to 15

2    U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif.

3    Civ. Code §1788.17, which is cumulative and in addition to all other

4    remedies pursuant to California Civil Code § 1788.32;

5    • An award of actual damages in the amount of $12,000.00 for mental

6    anguish pursuant to California Civil Code § 1788.30(a);

7    • An award of costs of litigation and reasonable attorney's fees pursuant to

8    Cal. Civ. Code § 1788.30(c);

9    Pursuant to the seventh amendment to the Constitution of the United States of

10   America, Plaintiff is entitled to, and hereby demands, a trial by jury.

11   Dated: January 7, 2016                Respectfully submitted,

12                                         SEMNAR & HARTMAN, LLP

13                                    By:  /s/ Jared M. Hartman_____
                                          Jared M. Hartman, Esq.
14                                        Attorney for Plaintiff

15

16

17

18

19

20

21

**COMPLAINT FOR DAMAGES**